UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUKE SHANE LEDFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>TROY B. WATKINS, JR., M.D., JOSH TEWALT, and CORIZON MEDICAL,<br><br>    Defendants. | Case No. 1: 19-CV-00258-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

In the Initial Review Order, the Court dismissed Plaintiff Luke Shane Ledford's civil rights complaint for failure to state a federal claim upon which relief can granted, because Plaintiff was suing a private physician who was not a state actor. (Dkt. 9.) Plaintiff was notified of the deficiencies in his pleadings and was permitted to file an amendment. Plaintiff has filed an Amended Complaint (Dkt. 10), which the Court has reviewed. Accordingly, the Court enters the following Order denying Plaintiff's request to amend the complaint.

### REVIEW OF AMENDED COMPLAINT

**1.    Discussion**

Plaintiff is an Idaho Department of Correction (IDOC) inmate. After breaking his left hand in prison in December 2018, Corizon medical staff placed a splint or brace on his hand and scheduled an outside orthopedic consultation for him. Plaintiff had a

medical examination by Defendant Dr. Troy D. Watkins, a hand specialist who works in a private medical practice outside the prison, to obtain an assessment. Dr. Watkins took x-rays of Plaintiff's left hand and determined that it was fractured, but he only rewrapped the hand and did nothing else to treat it during that appointment.

Plaintiff had a follow-up visit with Dr. Watkins in January 2019. Dr. Watkins did not take new x-rays, but only visually examined Plaintiff's hand. Dr. Watkins stated that Plaintiff's hand looked fine. Plaintiff alleges that Dr. Watkins left him with no sense of resolution of the hand injury, despite Plaintiff's hand having an obvious deformity.

Corizon medical staff sent Plaintiff back to Dr. Watkins a third time. Dr. Watkins took three new x-rays of the left hand. Dr. Watkins told Plaintiff that the bottom part of the metacarpal had fused together and that there was an obvious deformity of the overlapping of the top bones in the left hand. However, again, Dr. Watkins did not recommend corrective surgery. Plaintiff was scheduled for a future follow-up visit with Dr. Watkins to occur after the filing of Plaintiff's Complaint. Plaintiff complains of numbness and tingling and severe pain and cramping in his left hand.

In the Initial Review Order, Plaintiff was informed that he could not proceed against Dr. Watkins, because Dr. Watkins was not a state actor. Nothing in the Amended Complaint has changed that analysis and conclusion. If Plaintiff desires to sue Dr. Watkins for state law causes of action, he will be required to do so in state court. Medical malpractice or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Plaintiff now desires to proceed against Corizon Medical, the contract medical provider for the IDOC. However, Plaintiff's facts shows that Corizon sent Plaintiff to an outside specialist for his left hand condition, and the specialist has taken several sets of x-rays, examined and re-examined the hand, and decided not to recommend surgery. In addition, Plaintiff was scheduled for a fourth follow-up visit at the time he filed his complaint. Plaintiff has not alleged that Corizon did not promptly provide care for his left hand injury. Rather, Plaintiff's allegations amount to a dispute with Dr. Watkins as to whether Plaintiff's hand needs corrective surgery or not.

The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the Eighth Amendment does not provide a right to a specific treatment, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and differences in judgment between an inmate and prison medical providers regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *see also Lamb v. Norwood*, 895 F.3d 756, 760 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."). To state an Eighth Amendment claim "involving choices between alternative courses of treatment," the plaintiff must plausibly allege "that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health."

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

*Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Stated another way, a plaintiff must plausibly allege that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015). If medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

Further, to bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that caused the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional

violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

Beyond the fact that Plaintiff has not shown how Corizon officials have been deliberately indifferent by providing him with several specialist appointments, Plaintiff also has not stated sufficient allegations to state a claim against Corizon. Without specific factual allegations about (1) what the Corizon policies were; (2) what the Corizon policy makers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the treatment chosen by the individual medical providers was not due to the providers' own independent decisions regarding how to conservatively treat Plaintiff's condition, based on their educational training and work experience—because that situation does not equate to deliberate indifference. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff further names IDOC Director Josh Tewalt, who allegedly "refused to let [him] use the grievance system to get or receive proper medical attention, which has left [his] hand not only in pain but deformed." (Dkt. 10-1, p. 3.) Plaintiff desires to bring a First Amendment claim against Director Tewalt. However, there are no supporting facts for this vague statement.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

The United States Court of Appeals for the Ninth Circuit has held that "[t]here is no legitimate claim of entitlement to a prison grievance procedure" under the First Amendment. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988). However, the Ninth Circuit has also held that "the right of meaningful access to the courts extends to established [prison] grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). To pursue a claim that prison officials interfered with or prevented an inmate's grievance from being processed, an inmate must adequately allege that he suffered an actual injury in being able to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996). Here, Plaintiff has provided no facts as to why the Director of the IDOC would be involved in Plaintiff's grievance process, or that, in fact, he was involved.

To the extent that Plaintiff has alleged that the Director's interference in Plaintiff's grievance process caused him to be unable to obtain proper medical treatment, which could qualify as an Eighth Amendment claim, Plaintiff has not alleged facts showing that he was actually unable to obtain medical treatment, given that he has seen an orthopedic specialist repeatedly. Plaintiff has not stated a claim upon which he can proceed against Director Tewalt.

## 2. Conclusion

Plaintiff's disagreement with Dr. Watkins does not rise to the level of an Eighth Amendment claim, nor is Dr. Watkins a state actor. Plaintiff has not provided any facts showing that Plaintiff's care has been inappropriate, and, thus, he has not stated a claim

against Corizon. Nor has Plaintiff shown that any allegedly inappropriate case was due to a Corizon policy or custom.

Finally, Plaintiff has not shown how Director Josh Tewalt was involved in Plaintiff's grievances, or that Plaintiff was not able to obtain minimally-adequate medical care through Corizon and Dr. Watkins. Not every medical condition can be resolved in the optimal way, and Plaintiff is still under the care of Dr. Watkins for follow-up treatment. The Court will not permit Plaintiff to proceed on any of his claims in federal court, but nothing in this Order should be construed to prevent Plaintiff from filing state law claims against Dr. Watkins in state court.

## ORDER

**IT IS ORDERED** that Plaintiff's request to proceed on his Amended Complaint (Dkt. 10) is DENIED for failure to state a federal claim upon which relief can be granted.

DATED: March 11, 2020

B. Lynn Winmill
U.S. District Court Judge